UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRICK D. JONES, Petitioner, v. WARDEN, et al., Respondents. | Case No.: 26-cv-3853-JO-BJW **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS [DKT. 4] AND DISMISSING THE FIRST AMENDED PETITION WITHOUT PREJUDICE [DKT. 3]** |

Plaintiff Cedrick D. Jones is an inmate at Richard J. Donovan Correctional Facility in San Diego, California. Proceeding *pro se*, Petitioner filed a petition for writ of habeas corpus under 42 U.S.C. § 2254, challenging his state court conviction. Dkt. 1. Following the Court's dismissal of his original petition, Petitioner filed a motion to proceed *in forma pauperis* ("IFP") and a First Amended Petition. For the reasons stated below, the Court denies Petitioner's motion to proceed IFP [Dkt. 4] and dismisses the First Amended Petition for failure to state a federal habeas claim [Dkt. 3].

First, Petitioner's motion to proceed IFP is denied because Petitioner has not provided the Court with sufficient information to determine his financial status. A request to proceed IFP made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. *See* R. 3(a)(2), Rules Governing § 2254 Cases (2019); S.D. Cal. Civ. L. R.

3.2. Here, the prison certificate that Petitioner submitted contains no financial information. Because the Court cannot determine whether he financially qualifies to proceed IFP, the Court denies Petitioner's request without prejudice [Dkt. 4].

Second, the First Amended Petition fails because it is unclear whether Petitioner is bringing a federal constitutional claim or merely challenging the trial court's rulings based on state law. To present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Here, the First Amended Petition alleges only that Petitioner's due process rights were denied because of a "constitutional impermissible application of statutes" and that Petitioner "took a plea bargain for violating sections of California statutory code resulting in imprisonment in a State prison for 17 years and $5,240.00 in monetary penalties." Dkt. 3 at 6. These conclusory allegations do not identify any specific federal constitutional or statutory violation rendering Petitioner's custody unlawful. *Id.* Instead, the First Amended Petition appears to challenge the manner in which the state court applied California criminal law, which is not cognizable on federal habeas review. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus"). Therefore, even if Petitioner had satisfied filing-fee requirements, the First Amended Petition is still subject to dismissal for failure to state a cognizable federal habeas claim. *See* R. 4, Rules Governing § 2254 Cases (2019) (courts may summarily dismiss a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

For the above reasons, Petitioner's First Amended Petition is dismissed without prejudice. If Petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or submit a properly supported application to proceed in forma pauperis **and** file a Second Amended Petition curing the deficiencies identified above **no later than October**

**<u>30, 2026</u>**. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis application and a blank Southern District of California amended § 2254 petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: September 15, 2026

Hon. Jinsook Ohta
United States District Judge